434

Submitted on briefs June 12, affirmed August 10, petition for rehearing denied September 6, 1972

EATON, *Petitioner, v.* MORGAN, *Respondent.*

499 P2d 1378

John Eaton, Portland, pro se, for appellant.

Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

This is an appeal from a decision of the Employment Appeals Board which affirmed a decision by the referee concerning unemployment compensation benefits.

Claimant objects to the method by which the Employment Division determined the amount of his weekly benefit and his maximum benefit. Specifically claimant objects to the Employment Division's failure to include wages paid him during the base year by Music Performance Trust Funds and by Multnomah County for his work at Multnomah County Fair and for work as a substitute teacher for Multnomah County School District No. 1.

■■ Multnomah County is a political subdivision defined in ORS 657.097[1] and is not a subject employer because it has not filed a written election to become subject to the provisions of the Employment Division Law.[2] Claimant's work for the Multnomah County

---

[1] ORS 657.097 provides:

"As used in this chapter, 'political subdivision' means any county, city, district organized for public purposes, or any other political subdivision or public corporation."

[2] ORS 657.020(1) provides:

"* * * After December 31, 1957, 'employing unit' also means any political subdivision which files with the administrator its written election to become subject to the provisions of this chapter as provided in ORS 657.425."

Fair was properly omitted in determining his base year. His other employment with Multnomah County as a substitute teacher is specifically excluded from coverage by former ORS 657.065, which provided:

"* * * * *

"(2) 'Employment' does not include, and nothing in this chapter shall be construed to authorize the state or any political subdivision to elect to have services deemed to constitute employment which are performed in the employ of the state or of any political subdivision or instrumentality of the state by:

"* * * * *

"(c) Members of the faculties of state and public schools, colleges or universities.

"* * * * *"

■ Claimant received $57.50 from Music Performance Trust Funds. No evidence was introduced to bring the organization within the statutory definition of a subject employer which at that time required a total payroll of $225 or more in any calendar quarter. Former ORS 657.025(1).

During the time claimant was receiving benefits, he occasionally reported income from wages; and, since that income exceeded one-third of his weekly benefit amount, payments were reduced during those weeks in accordance with the provisions of ORS 657.150(6).[9]

---

[9] ORS 657.150(6) provides:

"An eligible individual who is employed in any week shall be paid with respect to such week a benefit in an amount equal to his weekly benefit amount less that part of the remuneration, if any, payable to him with respect to such week which is in excess of one-third of his weekly benefit amount. If the resulting amount is not a multiple of $1, it shall be computed to the nearest multiple of $1."

We do not consider other contentions raised by claimant for the first time on appeal.

Affirmed.